IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| Richard Thomas | : | |
| 187 Western Ave. | : | |
| Mansfield, Ohio 44906 | : | Case No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **COMPLAINT WITH JURY DEMAND** |
| Vitro Automotive Glass | : | **ENDORSED HEREIN** |
| FKA Pittsburgh Glass Works, LLC | : | |
| 5066 Lincoln Highway | : | |
| Crestline, Ohio 44827 | : | |
| | : | |
| Defendants. | : | |

**JURISDICTION AND VENUE**

1. This is an action for damages arising out of Defendant's violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. and Ohio's Fair Employment Practices Act, ORC §4112 et seq.

2. This court has subject-matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §1331, and pendent jurisdiction over Plaintiff's State law claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and because Defendant's place of business is in Richland County, Ohio.

**PARTIES**

4. Plaintiff Richard Thomas is an African American individual residing in Richland County, Ohio.

5. Defendant Vitro Automotive Glass (hereinafter "Defendant") is an Ohio Limited Liability Corporation, licensed and doing business in Richland County, Ohio.

1

**BACKGROUND FACTS**

6. Richard Thomas is an African American man who was initially employed by Pittsburgh Glass Works, LLC beginning in October 2015.

7. The Company was purchased by Vitro Automotive Glass.

8. Thomas began his employment with Defendant as an inspector and was thereafter promoted to a "B" Shift machine operator.

9. Upon his promotion to "B" Shift, Plaintiff began reporting to Supervisor Dave Miller.

10. Miller opposed Plaintiff's promotion.

11. In or around June 2017 Plaintiff injured his back at work. He reported his injury to Miller.

12. Miller directed him to the Company Nurse and stated, "you'll be alright. You people are good at sports anyway."

13. Plaintiff was offended by what he viewed as a racist comment.

14. Plaintiff asked, "what does that have to do with anything?" Miller laughed and stated, "I'm just messing with you."

15. A co-worker later confirmed that Miller was known for making such comments.

16. Plaintiff went to HR about Miller's comments. HR Administer Rick Wicksten told him, "Don't worry about it. He (Miller) didn't mean anything. Just stay out of his way."

17. Because he was unsatisfied with Wicksten's response, Plaintiff asked to speak with Jim Philips, HR Manager.

18. Wicksten replied that Plaintiff should "just move lightly through the shop." Plaintiff asked him if he should "move lightly" because he is black?

19. Wicksten was supposed to arrange a meeting between Jim Phillips, Plaintiff and Mr. Miller. The meeting never happened.

20. Several weeks later, Miller approached Plaintiff and stated, "I heard you complained about me, but I'm not going anywhere, but you can go somewhere. If you have something to say, say it to me."

21. Plaintiff bluntly told Miller, "You're a racist." Miller replied, "You're too sensitive. Stop going across the street on me."

22. Miller's harassment and racist comments continued. He referred to Plaintiff as a "black ass" and made repeated references to his attempt to get him fired.

23. Miller attempted to bait Plaintiff on several occasions. For example, on one occasion Plaintiff's co-worker, Danny VanWagner was forced to step between Miller and Plaintiff when Miller criticized Plaintiff's work and told Plaintiff he was tired of his "lazy black ass."

24. Miller then told Plaintiff he was writing him up for being insolent.

25. Plaintiff stated he was going to report Miller to HR and Miller laughed, telling him, "you won't have a job."

26. Over the period of six (6) months, Plaintiff went to HR at least twelve (12) times to complain about Miller, his racist comments, and his retaliatory actions.

27. He also complained to his former supervisor Lisa Garland. All to no avail.

28. On January 22, 2018 Plaintiff called off work to attend court with his son.

29. He returned to work on January 23, 2018. Upon seeing him, Miller began to harass Plaintiff about missing work.

30. Plaintiff mentioned that he was applying for FMLA. Miller stated, "We're short-handed. You people are so lazy." Miller complained that people apply for FMLA when they don't want to work.

31. Thereafter Miller told him, "Just leave, I don't need you. I'll call you."

3

Case: 1:20-cv-02596-WHB  Doc #: 1  Filed: 11/18/20  4 of 8.  PageID #: 4

32. Another of Plaintiff's co-workers, Deon Gale, heard Miller tell Plaintiff he did not need him and heard Miller say, "that nigger is done."

33. On January 24, 2018 Plaintiff called Mr. Wicksten to find out why he had been sent home.

34. Wicksten confirmed that he was not in trouble due to his attendance and promised to look into why he was sent home.

35. Wicksten promised to call Plaintiff back, but never did.

36. Plaintiff called Wicksten two more times and again asked to speak to Mr. Phillips. Wicksten's only reply was, "I told you to walk lightly."

37. After he was not returned to work, Plaintiff sought employment through a temporary agency.

38. He was assigned to work Vitro but was sent home when Miller discovered he was working there.

39. Plaintiff filed an EEOC charge alleging race discrimination and retaliation.

40. A Notice of Rights letter was issued on 9/3/2020.

## COUNT I
## RACE DISCRIMINATION (HOSTILE WORK ENVIRONMENT)
## IN VIOLATION OF TITLE VII

41. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

42. Defendant is an employer as that term is defined by Title VII of the Civil Rights Act.

43. Plaintiff was a member of a protected class by virtue of his race.

44. Plaintiff was subjected to unwelcome harassment because of his race.

45. The harassment complained of (described above) was based upon race.

46. The harassment had the purpose or effect of unreasonably interfering with Plaintiff's work performance and created an intimidating, hostile and offensive work environment.

4

47. The harassment was committed by a supervisor.

48. Defendant is vicariously liable for the harassing conduct perpetrated by Miller.

49. Plaintiff complained about the racial harassment to no avail.

50. Plaintiff has been damaged by Defendant's racial harassment such that he is entitled to compensation, therefore.

51. Defendant acted with malice and/or reckless indifference to the protected rights of Plaintiff. Therefore, Defendant is liable for punitive damages.

## COUNT II
## RACE DISCRIMINATION (TERMINATION)
## IN VIOLATION OF TITLE VII

52. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

53. As an African American man, Plaintiff is a member of a protected class.

54. Plaintiff was qualified for his position with Defendant.

55. Plaintiff was sent home and terminated from his position because of his race.

56. Similarly situated Caucasian employees were not terminated.

57. Plaintiff has been damaged by Defendant's unlawful race discrimination such that he is entitled to compensation, therefore.

58. Defendant acted with malice and/or reckless indifference to the protected rights of Plaintiff. Therefore, Defendant is liable for punitive damages.

## COUNT III
## RETALIATION
## IN VIOLATION OF TITLE VII

59. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

60. Plaintiff was engaged in protected activity when he complained to Human Resources about race discrimination and harassment.

61. Defendant was aware of Plaintiff's complaints.

62. Defendant terminated Plaintiff in retaliation for his protected activity.

63. Plaintiff has been damaged by Defendant's unlawful retaliation such that he is entitled to compensation, therefore.

64. Defendant acted with malice and/or reckless indifference to the protected rights of Plaintiff. Therefore, Defendant is liable for punitive damages.

### COUNT IV
### RACE DISCRIMINATION (HOSTILE WORK ENVIRONMENT) IN VIOLATION OF ORC §4112 et seq.

65. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

66. Defendant is an employer as that term is defined by ORC §4112.01.

67. Plaintiff was a member of a protected class by virtue of his race.

68. Plaintiff was subjected to unwelcome harassment because of his race.

69. The harassment complained of (described above) was based upon race.

70. The harassment had the purpose or effect of unreasonably interfering with Plaintiff's work performance and created an intimidating, hostile and offensive work environment.

71. The harassment was committed by a supervisor.

72. Defendant is vicariously liable for the harassing conduct perpetrated by Supervisor Miller.

73. Plaintiff complained to Human Resources about the racial harassment to no avail.

74. Plaintiff has been damaged by Defendant's racial harassment such that he is entitled to compensation, therefore.

75. Defendant acted with malice and/or reckless indifference to the protected rights of Plaintiff. Therefore, Defendant is liable for punitive damages.

## COUNT V
## RACE DISCRIMINATION (TERMINATION)
## IN VIOLATION OF ORC §4112 et seq.

76. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

77. As an African American man, Plaintiff is a member of a protected class.

78. Plaintiff was qualified for his position with Defendant.

79. Plaintiff was sent home and terminated from his position because of his race.

80. Similarly situated Caucasian employees were not terminated.

81. Plaintiff has been damaged by Defendant's unlawful race discrimination such that he is entitled to compensation, therefore.

82. Defendant acted with malice and/or reckless indifference to the protected rights of Plaintiff. Therefore, Defendant is liable for punitive damages.

## COUNT VI
## RETALIATION
## IN VIOLATION OF ORC §4112 et seq.

83. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

84. Plaintiff was engaged in protected activity when he complained to Human Resources about race discrimination and harassment.

85. Defendant was aware of Plaintiff's complaints.

86. Defendant terminated Plaintiff in retaliation for his protected activity.

87. Plaintiff has been damaged by Defendant's unlawful retaliation such that he is entitled to compensation, therefore.

88. Defendant acted with malice and/or reckless indifference to the protected rights of Plaintiff. Therefore, Defendant is liable for punitive damages.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant him:

    a. lost past and future wages and benefits;

    b. compensatory damages;

    c. an amount in excess of $75,000.00 in compensatory damages for garden variety emotional distress as provided under Ohio Revised Code Chapter 4112;

    d. an amount in excess of $75,000.00 for punitive damages;

    e. attorney fees and costs;

    f. prejudgment and post judgment interest;

    g. such other equitable and further relief as may be just and appropriate.

Respectfully Submitted,

*/s/Sharon Cason-Adams*
Sharon Cason-Adams (0067550)
AGEE CLYMER
140 East Town Street, Suite 1100
Columbus, Ohio 43215
Telephone: 614-221-3318
Fax No.: 614-221-7308
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable before a jury.

*/s/Sharon Cason-Adams*
Sharon Cason-Adams (0067550)